ORIGINAL

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

Civil Action No. 08cv881BB/
KBM

JUAN JOEL GARCIA

      Applicant,

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

Vs.

SEP 2 5 2008

THE STATE OF NEW MEXICO

      Respondent,

MATTHEW J. DYKMAN
CLERK

AND

ATTORNEY GENERAL of NEW MEXICO

      Additional Respondent.

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2254
## BY A PERSON IN STATE CUSTODY

COMES NOW, the Petitioner Juan Joel Garcia, pro se pursuant to 28 U.S.C. § 2254, Fed. R. Civ. P., Rule 15

And the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and respectfully submits this Application For A WRIT OF HABEAS CORPUS. Petitioner Juan Joel Garcia contends that his New Mexico Criminal Convictions for Attempt to commit a felony Criminal Sexual Penetration Commission of a felony with firearm enhancement (30-9-11) (31-18-16) Attempt to Commit Criminal Sexual penetration Commission of a felony, firearm enhancement (in violation of N.M.S.A. § 30-9-11 and 31-18-16) Kidnapping (in violation of N.M.S.A. § 30-4-1) Kidnapping (in violation of N.M.S.A § 30-4-1) Aggravated Burglary with firearm enhancement (in violation of N.M.S.A. § 30-16-4(A) and 31-18-16) Armed Robbery with firearm Enhancement (in violation of N.M.S.A. § 30-16-2 and 31-18-16) Child Abuse (in violation of N.M.S.A. § 30-16-1) Conspiracy to Commit Aggravated Burglary (in violation of N.M.S.A. § 30-28-2 and 30-16-4) Conspiracy to Commit Kidnapping (in violation of N.M.S.A. § 30-28-2 and 30-4-1) Conspiracy to Commit Armed Robbery (in violation of N.M.S.A. § 30-28-2 and 30-16-2) Battery (in violation of N.M. S.A. § 30-3-4) Battery (in violation of N.M.S.A. § 30-3-4) Battery (in violation of N.M.S.A. § 30-3-4) Battery (in violation of N.M.S.A. § 30-3-4) Battery (in violation of N.M.S.A. § 30-3-4) in

New Mexico (2ND) Second Judicial District  Case Number: CR 02-426 Violate the Federal Constitution.  At his State Court Trial Mr. Garcia was denied his Federal Constitution Rights to due process and fair trial with the Effective Assistance of Counsel, free from Prosecutorial misconduct and Double Jeopardy.

## CONVICTION UNDER ATTACK

1.     Juan Joel Garcia, Petitioner was found guilty by Jury Trial on 19th day of February, 2003 of Attempted Criminal Sexual Penetration with a Firearm (in violation of N.M.S.A. § 30-28-1, § 30-9-11(D) and § 31-18-16); Kidnapping (in violation of N.M.S.A 1978 § 30-4-1); Aggravated Burglary with a firearm (in violation of N.M.S.A. 1978 § 30-16-4(A) and 31-18-16); Armed Robbery with a firearm (in violation of N.M.S.A. 1978 § 30-16-2 and 31-18-16); Child Abuse (in violation of N.M.S.A 1978 § 30-6-1(C).); Conspiracy to Commit Kidnapping (in violation of N.M.S.A. 1978 § 30-28-2); Conspiracy to Commit Armed Robbery (in violation of N.M.S.A. 1978 § 30-1-2); Battery (in violation of N.M.S.A. 1978 § 30-3-4).

2.     Judgment and Sentence was entered on 7th day of August, 2003 Petitioner was sentence all counts for (58) fifty-eight years all sentences to run consective on direct Appeal, the New Mexico Court of Appeals.  A copy of Judgment and Sentence is attached



to this Application As Exhibit A.

3.      Mr. Juan Joel Garcia was convicted in the New Mexico (2nd) Second Judicial District Court Case Number: CR-02-426.

4.      Mr. Garcia is not presently serving a sentence imposed for a conviction other than conviction under Attack in this Motion. Mr. Garcia is challenging all his Criminal Conviction from the (2nd) Second Judicial District Case Number: CR-02-426.

5.      Mr. Garcia appealed his criminal conviction in the (2nd) Second Judicial District Case Number: CR-02-426 to the New Mexico Court Of Appeals, Case Number: 24,347, in his Appeal Mr. Garcia alleged that he was denied his Federal Constitutional Rights to Due Process because the Trial Court erred in Allowing Photographic Array that was not impermissibley suggestive because it contained only (5) five photographs, the photographs of the Defendant was a "different tint" the photographs was not shown to the witnesses until a month later. The Court of Appeals upheld all Convictions Mandate Affirmed on 23rd day of July, 2004.

6.      Mr. Garcia filed a Petition for a Writ Certigari to the New Mexico Supreme Court to challenge the decision of the New Mexico

Court Of Appeals, but the Petition was denied.

7.        POST   CONVICTION   PROCEEDINGS

Mr. Garcia filed a Pro-Se Writ Of Habeas Corpus on 8th day of July, 2005  Juan Joel Garcia Vs. J. Janecka, Warden. The Petition was filed in the (2nd) Second Judicial District Court. 2nd Second Judicial District Honorable Judge R. Sanchez  Ordered Appointment Of Counsel pursuant to Rule 5-802 and a supplemental Writ Of Habeas.    Attorney J. Jacks submitted amended Writ Of Habeas Corpus on 3rd day of April, 2006, Honorable Judge Ross C. Sanchez denied Mr. Garcia's Petition Writ Of Habeas Corpus on 21st day of September, 2006.  Mr. Garcia filed a Petition Writ Of Certiorari to the New Mexico Supreme Court, No. 31,077 was filed on 25th day of May, 2008.  New Mexico Supreme Court denied Mr Garcia Writ Of Certiorari on 10th day of July, 2008.  A Copy of the Order on the New Mexico Supreme Court is Attached to this Application As  Exhibit B.

8.            CLAIMS

Statement Of Facts :

On 12th day of March, 2001 Margaret Battle and her (2) two year old daughter, Deezha Battles, Along with Margaret's sister

Jonna Pacheco, were at the Margaret and Jonna's father John Pacheco. They were the only persons present and were watching television in the home's living room. At about 7:00pm., Margaret heard a noise outside, Jonna approached the door.

The inital Officer at the scene, Albuquerque Police Department Officer Remiker reported he was told by the women that as Jonna approached the door, (4) four to (6) six individuals forced their way into the house, wearing gloves and bandanas over their faces. Remiker was further told that Jonna was ordered to the floor and Margaret was told to cover her face. They were both instructed not to look at the invaders. The women were asked if there was a room with no windows to which the women responded no. They were then taken to the bathroom in the rear of the house.

Jonna reported to the Detective later that evening that the first Offender was not wearing a bandana and that he was a Hispanic man, dark skin, heavy set with a mustache and a Spanish accent. She stated that it was this individual who assaulted Margaret in the bathroom.

The women reported that (1) one Offender remained in the

bathroom with the Women and Child while the other invaders dispersed through the home. The Offender in the bathroom touched Margaret's crotch and breast then unbuttoned her pants, pulling them and her underwear down around her thighs. He proceeded to bend her forward and press his errection around her vaginal lips for about (2) two minutes. Deezha was being held by Jonna while the Offender unsuccesfully tried to penetrate Margaret's vagina.

Another invader entered the bathroom and demanded to know where the money was and Jonna said she would show them where the safe was. She was grabbed by the hair and she took them to the master bedroom and showed them where the safe was. She also took them to another room where several rifles were stored. She was returned to the master bedroom where she was tied up with socks and was eventually able to make her way free. When she believed the invaders were gone, she returned to the bathroom and the Women and Child ran to the neighbor's to call police.

The invaders took a safe containing several thousand dollars in cash and an antique coin collection, several firearms

WERE Also taken.   A Rape Kit was performed on Margaret at St Joseph's Hospital.   The Exam Revealed bruising and scratching on Margaret's body but no injury was noted on her genital area and no D.N.A. samples were Available.

On 13th day of March, 2001, John Pacheco informed the Detective that a piece of paper was located in the Room where the Rifles were taken from.   He suspected that it may have been dropped by the invaders.  The paper had a phone number on it. The Detective did not have it processed for prints because of his claim that it had been touched by too many people.

The phone number was that of Angel Mares.   John was friends with Angel's Mother and stated that the Mother had not been in his house for at least (6) six months and that Angel had never been in the house.  The Detective made contact with Angel. He denied any involvement but added that his cousin's may have committed the crime.  He thought that his cousins, along with a man named "Animal" from Belen and Los Lunas, may have been involved. The Detective was able to positively identify "Animal" as Juan Joel Garcia and obtained a description of Garcia.  The Detective claimed that the description he received, matched the description Jonna provided.

On 6th day of April, 2001, the Detective presented a Photo Array containing Defendant's photo, along with (4) four others, to Margaret and Jenna. Jenna positively identified Defendant as the un-masked invader and Margaret tentatively identified Defendant as the same. Defendant was arrested and remained in custody continuously since 31st day of January, 2002.

Defendant challenged the Photo Array identifications made by the women, claiming that the Array was impermissibly suggestive. Defendant argued that the Array contained (5) five photos, rather than the standard (6) six photos, Defendant's photo was notice-ably different from the others in that it had a different tint and it had a white scratch on the photo itself. The Court found the photo Array to be valid and allowed the Array identification to be testified to in Court.

There was no physical evidence tying Defendant to the Crimes in that none of Defendant's finger prints were located anyw-here in the house, including in the bathroom where the Assault on Margaret took place. Upon information and belief, the women's testimony fluctuated regarding whether the Defendant was wearing

gloves during the Assault and therefore could had left prints.
Defendant asserts that the description of the perpetrator as a
heavy set man conflicted with his Apperance at the time of the trial,
when the woman Again identified Defendant.   Defendant Argued
that there was insufficient time for the Women to observe the
perpetrator, As According to the testimony, he entered with his hand
holding the gun, in front of his face, essentially obstructing their
view of his face.   He further alleged that the women were ordered
to cover their eyes so they could Not have seen the perpetrator's
face.   Finally, her Argued that there was No scientific evidence taken
from Margaret pointing to him as the Offender.

   The Case went to the jury and they Returned Verdicts of
guilt on all counts.   At sentencing, John, Jonna and Margaret
told the Court of their lives after the Crime.   They indicated that
they suffer from P.T.S.D. (post traumatic stress disorder)
symptoms and that Deezha Remains haunted by the incident.

   Defendant presented a video tape of a Niece's birthday party
to support his Request for a New trial.   He Argued that this was
Newly discovered Evidence showing that he was in Mexico City on the
date the Crime occured.   He stated that the video had just

ARRIVED from Mexico City and it was Valid Alibi proof as it showed him at the party where EVERYONE was speaking Spanish and the banner on the bottom of the picture stated "Happy Birthday March 12th, 2001."

The Court disagreed with Defendant's position. The Court found that Counts 3, 4 and 7 were serious Violent Offenses, he suspended counts 11-16 and imposed the sentences on the REMAINING counts Consecutively for a (58) fifty-eight year term of IMPRISONMENT. Defendant Appeals the Court's decisions and the Jury's findings.

STANDARD OF REVIEW   Under the A.E.D.P.A. (Anti-Terrorism and Effective Death Penalty Act) a Federal District Court may grant Relief in a Application For A Writ of Habeas Corpus filed by a Prisoner in State Custody if the Applicate previsously presented his claims in a Petition which was adjudicated on the Merits in State Courts and if the decision of the State Court Resulted in a decision that "was contary to, or involved an unreasonable application of, clearly established Federal Law, as determained by the Supreme Court Of The United States; or if the decision of the State Court was based on unreasonble determination of facts in light

of evidence presented in the State Court perceedings." 28 U.S.C. § 2254, subdivision (d) (Emphasis added).

When examing a claim as the State Court has unreasonably applied Federal Law, the first task of a reviewing Federal Court is to determine whether the State Court erred in its analysis of controlling Federal Law. Williams Vs. Taylor, 529 U.S. 362, 412-13. Then the Federal Court must determine whether the State Court identified the proper, controlling United States Supreme Court authority or unreasonable applied that authority to the facts of the Case. Id. at 413. Finally, the Federal District Court must decide whether the errors of the State Court were caused by an unreasonable application of controlling Federal Law: An application of Federal Law is unreasonable if it is "objectively unreasonable." Ibid.

Normally, in reviewing a Federal Petition for a Writ of Habeas Corpus under the A.E.D.P.A. (Anti-Terrorism And Effective Death Penalty Act), a United States District Court must defer to the factual findings of a State Court and must presume that those findings are factually correct. However, in some cases – like this one – the Federal District Court's examination of the

State Court's decision is impeded because the State Court decision did not Adjudicated the Petitioner's claims on Merits As defined by the A.E.D.P.A. (Anti-Terrorism And Effective Death Penalty Act). 28 U.S.C. § 2254 (d).

Unfortunately, Congress did not clearly define the terms "Adjudicated on the Merits" in A.E.D.P.A. and The United States Supreme Court has yet to provide a clear and understandable definition of the term for the lower Federal Courts to apply. See, e.g., Washington Vs. Schriver, 255 F.3d 45, 53 (2nd Cir. 2001) (the term "Adjudicated on the Merits" is a "difficult question that has divided the Court Of Appeals), see also Scott Dodson, "Habeas Review of Perfunctory State Court Decision on the Merits," 29 Am. J. Crim. L. 223, 227-28, N. 26 (2002). Therefore, in reviewing An Application for A Writ Of Habeas Corpus by A prisoner in State Custody pursuant to 28 U.S.C. § 2254, a Federal Court must decide at the outset whether the claim presented in the Federal Petition was fairly Adjudicated on the Merits as defined by A.E.D.P.A.. Cotto Vs. Herbert, 331 F.3d 217, 229 (3rd Cir. 2003); Aycox Vs. Lytle, 196 F.3d 1174, 1176-77 (10th Cir. 1991).

A case cannot be considered adjudicated on the merits if

the State Court failed to provide Any Rational for its decision which was based on the United States Constitution because, in these circumstances, A Federal Court has No basis, other than the Record, for Knowing whether the State Court correctly identified the governing legal principle or properly Applied that principle to the facts of the case. Delgado Vs. Lewis, 223 F.3d 976, 981-82 (9th Cir. 2000). A Summary decision in State Court can constitute an Adjudicate on the Merits for purposes of section 2254(d) only if the decision was Reached on substantive grounds and if the decision was Not based on procedural flaws. Aycox Vs. Lytle, supra, 196 F.3d at 1177.

   If the decision of the State Court failed to Articulate Any United States Supreme Court authority for its adverse determination, then the Federal Court cannot apply the A.E.D.P.A. standard; instead, without an apposite decision considering the Federal Claim, the Federal Court must independently Ascertain whether the Record Reveals a Constitutional Violation. McKenzie Vs. Smith, 326 F.3d 721, 727 (6th Cir. 2003). Consequently, if the State Court Never substantively addressed the Federal Constitutional Merits of the petitioner's claim in a Reasoned Opinion, the Federal District Court must Review the Petitioner's Habeas Corpus claims de novo because the A.E.D.P.A.

DEFERENCE REQUIREMENT simply does not Apply.  Aycox Vs Lytle, 196 F. 3d at. 1177;  McKenzie Vs. Smith, supra, 326 F. 3d at 727, cert. denied 124 S. Ct. 1145 (2004).

Although some courts have held that any Ruling by a State Court which provides a Nonprocedural basis for the denial of the State Court Claims presented in a Federal Petition is an "Adjudication on the Merits," other courts have held that in order to discharge the Central Role of Federal Courts in protecting Fundamental Constitutional Rights, An adjudication on the Merits in a State Court is only entitled to substantial deference if the State Court has Actually provided some explanation of Federal Law in its decision.  See, eg, Cook Vs. McKune, 323 F. 3d 825, 831 (10th Cir. 2003)  ("Some of our cases have suggested that when a State Court fails to discuss the Federal Law applicable to a claim, the State Court has failed to consider the claim on the Merits.  Woodward Vs. Williams, 263 F. 3d 1135, 1140 (10th Cir. 2001).")  This later Approach is more cogent because, without any Kind of Ratio decendi to determine whether the State Court properly applied Federal Constitutional Law, the Federal Court is left to speculate on what clearly established law the State Court might have applied. Delgado Vs. Lewis, 223 F. 3d 976, 982 (9th Cir. 2000).

In this case the State Court NEVER CONSIDERED the controlling precedent of the United States Supreme Court and ERRED in applying clearly established, FEDERAL Constitutional Law on Due Process, the effective ASSISTANCE of COUNSEL AND prosecutorial Misconduct. MOREVER, in considering the claims RAISED in MR. GARCIA'S Petition For A Writ Of Habeas Corpus, the State District Court failed to provide ANY REASONED decision which is entitled to deference by a Reviewing FEDERAL Court. Consequently, because MR. GARCIA'S State Court Petition For A Writ OF Habeas Corpus was summarily Rejected without any analysis of his FEDERAL Constitutional Claims, this Court is NOW obligated to REVIEW each of MR. GARCIA'S present claims de NOVO under the pre - A.E.D.P.A. Standard Of Review.

## CLAIMS

I.   MR. GARCIA was denied The Effective Assistance of COUNSEL.

The Sixth Amendment of the United States Constitution guarantees that ANY citizen charged with a crime has the right to the Assistance of Counsel. U.S. Const. Amend. IV.   This fundamental, Sixth Amendment Right applies to the State AS A component of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Evitts vs. Lucey,

469 U.S. 387, 394 (1985).

The Federal Constitutional Right to the Assistance Of Counsel includes the concomitant Right to the Effective Assistance Of Counsel. McMann Vs. Richardson, 397 U.S 711, 759, N. 14. The purpose of the Sixth Amendment Right to Counsel is to assure that in any Criminal Prosecution "the Accused shall not be left to his own devices in facing the prosecutorial forces of organized society." Moran Vs. Burbine, 475 U.S. 412, 430 (1986). Therefore, the benchmark for judging Any claim of Ineffective-ness must be whether Counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just Result." guaranteed by the Sixth Amendment. Strickland Vs. Washington, 466 U.S. 668, 686 (1984).

In order to prevail on a Sixth Amendment claim, A Petitioner must prove that Counsel's Representation fell below an objective standard of Reasonableness measured under prevailing professional Norms and that there is a Reasonable probability that, but for Counsel's unprofessional errors, the Result of the proceeding would have been different. Strickland Vs. Washington, supra, 466 U.S. at 688-694, see also Wiggins Vs. Smith, 539 U.S. 510 (2003).

Counsel is deficient if he made errors so serious that he is not functioning as the "Counsel" guaranteed by the Sixth Amendment. Strickland Vs. Washington, supra, 466 U.S. at 687.

An accused demonstrates prejudice by showing that, because of Counsel's deficient proformance, there is a reasonable probability of a different result - a probability which is sufficient to undermine confidence in the outcome of the proceeding. Strickland Vs. Washington, supra, 466 U.S. at 694. "The result of a proceeding can be rendered unreliable and hence the proceeding itself unfair, even if the errors of Counsel cannot be shown by a preponderance of the evidence to have determined the outcome". Purdy Vs. Zeldes, 337 F.3d 253, 260 (2nd Cir 2003), quoting Strickland Vs. Washington, supra, 466 U.S. at 694.

Mr. Garcia respectfully submits that the decision of the New Mexico Courts denying his petition for a Writ of Habeas Corpus were contrary to and involved an unreasonable application of Strickland Vs. Washington, supra, 466 U.S. at 694 and Wiggins Vs. Smith, supra, 123 S.Ct. at 2538. Trial Counsel was ineffective and committed so many serious errors that Counsel was not functioning as the "Counsel" envisioned by the Sixth Amendment.

Trial Counsel fell below an objective standard of Reasonableness in this case. Mr. Garcia's Attorney failed to conduct any meaningful investigation of Mr. Garcia's claims being out of the country, failed to present the testimony of available defense witnesses who could have corroborated Mr. Garcia's claims of being out of the Country. Failed to present D.N.A. evidence that would have challenged the Attempted Sexual Penetration. Mr. Garcia Respectfully submits that the cumulative effect of these errors prejudiced him and deprived him of a Fair Trial whose Result were Reliable.

Mr. Garcia was prejudiced by his trial Counsel's findings. There is clear evidence to show that, but for Counsel's errors, the Result of these proceedings would have been different. Mr. Garcia's Received a trial far different than the trial he was entitled to with the Assistance of Competent Counsel and there is a reasonably probability that the Result of the proceeding may have been different except for Counsel's errors.

A. Failure of Investigation

Counsel has a duty to undertake a reasonable investigation of the facts of a Criminal Case, or to make a Reasonable

decision which makes a particular investigation unnecessary. Strickland Vs. Washington, supra, 466 U.S. at 691. "In assessing the reasonableness of an Attorney's investigation, however, a Court must consider not only the quantum of evidence already known to Counsel, but also whether the known evidence would lead a reasonable Attorney to investigate further." Wiggins Vs. Smith, supra, 123 S.Ct at 2538.

Defense Counsel has a duty to conduct an adequate investigation and explore all avenues leading to facts relevant to the merits of the Case. A.B.A. Standards for Criminal Justice, Standard 4-4.1 (3rd Ed. 1993). The failure to pursue an adequate pre-trial investigation may establish grounds for a finding of ineffective Assistance of Counsel. Kimmelman Vs. Morrison, 477 U.S. 365, 384 (1986).

Although there is a "strong presumption that Counsel conduct falls within the wide range of professional Assistance... Defense Counsel must, at a minimum, conduct a reasonable investigation enabling him to make informed decisions about how best to represent his Client". Rios Vs. Rocha, 299 F.3d 796, 805 (9th Cir. 2002). Defense Counsel must do more than simply review the

discovery provided by the Prosecution and appear in Court at the Defendant's side. Thomas Vs. Lockhart, 738 F.2d 304, 309-310 (8th Cir. 1984), see also Commonwealth Vs. Baxter, 640 A.2d 1271, 1274-75 (PA. 1994). Instead, in order to make the adversarial testing process Effective, "Counsel has a duty to make a reasonable investigation or to make a reasonable decision that make particular investigations unnecessary." Kimmelman Vs. Morrison, 477 U.S. at 384 (1986).

Counsel's failure to interview witnesses who's testimony could have been Exculpatory Evidence, to the charged crime constitutes "Constitutionally Deficient Representation." Anderson Vs. Johnson, 338 F.3d 382, 391 (5th Cir. 2003). Rehearing and Rehearing En Banc Denied by Anderson Vs. Johnson, 2003 WL 23163040 (5th Cir. 2003). Failure to conduct any pretrial investigation generally present a clear case of ineffectiveness "because Counsel can hardly be said to have made a strategic choice against pursuing a certain line of investigation when [he] has not yet obtained the facts on which such a decision could be made." United States Vs. Gray, 878 F.2d 702, 711 (3rd Cir. 1989), citing Strickland Vs. Washington, supra, 466 U.S. at 690-691. Therefore, Counsel falls below an objective standard of reasonableness when he restricts his

Pre-Trial Investigation to discussions with the Defendant, A Review of the indictment and An Examination of the Prosecutor's Trial. Anderson Vs. Johnson, supra, 338 F.3d At 391, citing Bryant Vs. Scott, 28 F.3d 1411, 1418 (5th Cir. 1994), see Also Thomas Vs. Lockhart, 738 F.2d 304, 308 (8th Cir. 1984).

1. The Effectiveness of Defense Counsel's Advocacy cannot be measured solely by what the Lawyer does at Trial because without careful preparation the Lawyer cannot meaningfully fulfill his Role As a diligent And conscientious Advocate. Without adequate investigation, the Lawyer is not in a position to make the best use of such mechanisms as cross-examination or impeachment of Adverse witnesses At trial or to conduct plea Negotiations effectively. A.B.A. Standards for Criminal Justice, Standard 4-4.1, Commentary (3rd Ed. 1993). Vigorous cross examination of the State's Witnesses's can not cure Counsel's failure to conduct An Adequate Defense Investigation by interviewing witnesses before trial. Bryant Vs. Scott, supra, 338 F.3d At 1419. Even if cross examination was effective, " that is not say it could not have been Approved by prior investigation." Ibid. As a Result, without so much as

contacting a witness, much less speaking with them, Counsel is "ill-equipped to assess the credibility or persuasiveness as a witness." Anderson vs. Johnson, supra, 338 F.3d at 392.

B.   Failure to Present Corroborating Witnesses

The Constitution does not oblige Counsel to present each and every witness that is suggested to him. United States vs. Balzano, 916 F.2d 1273, 1294 (7th Cir. 1990). Nevertheless, an Attorney's complete failure to present any available, exculpatory evidence in the defense of an accused ordinarily amounts to deficient performance. Pa— vs. Hollins, supra, 261 F.3d at 220.

A Lawyer who fails adequately to introduce evidence which demostrates his Client's factual innocence of the charges or which raises sufficient doubt about that question to undermine confidence in the verdict renders Deficient Performance. Riley vs. Payne, 352 F.3d 1313 (9th Cir. 2003). Where Counsel fails to interview or present witnesses who had material evidence as to their Client's innocence, Counsel is ineffective. Lord vs. Wood, 184 F.3d 1083, 1096 (9th Cir. 1999) Cert. denied 508 U.S. 1198 (2000).

When an Attorney has not done the preparation necessary to make informed decisions, the decision not to call a witness to support a potentially meritorious defense is entitled to less deference than if the Attorney had actually interviewed the witness. The same holds true for an Attorney's decision to call a witness whom he has not interviewed or otherwise prepare. Alcala vs. Woodford, 334 F.3d 862, 870 (9th Cir. 2003). Even if trial Counsel makes a sound and strategic choice to present a solid defense, Trial Counsel may nevertheless be Ineffective if he breaches his duty to present that potentially meritorious defense reasonably and competently. Ibid.

A lawyer's decision is not strategic if Counsel's decision to call witnesses is animated primarily by a desire to save work and avoid preparing a defense. Pa — vs. Hollins, supra, 261 F.3d at 218. A decision can only be considered truly strategic if it is "the sort of conscious, reasonably informed decision made by an Attorney with an Eye to benefitting his Client that the Federal Courts have denominated "strategic."" Ibid. Therefore, where a lawyer does not put a witness on the stand, his decision is not entitled to deference because, having never spoken

with the witness, Counsel could not Assess the witness's potentially exculpatory testimony. Ibid.

C. Mr. Garcia was Prejudice by the Effect Of Counsel's Errors.

To establish prejudice from the Effective Assistance of Counsel, the petitioner must prove that, but for Counsel's unprofessional errors, there is a Reasonable probability that the Result of the proceeding would have been different. Strickland vs. Washington, supra, 466 U.S. at 693. The Petitioner need only establish by a preponderance of the evidence that the Result of the proceeding may have been prejudice to his Conviction.

## PRAYER

WHEREFORE, the Petitioner, prays this Honorable Court Grants this Application For A Writ Habeas Corpus, and Respectfully Requesting that the Petitioner is Granted an Evidentiary Hearing, and an Attorney to Represent him to help overturn the Convictions.

Respectfully Submitted,

Juan Joel Garcia
Juan Joel Garcia

# DECLARATION UNSWORN AFFIDAVIT VERIFICATION UNDER PENALTY OF PERJURY

**IN THE SUPREME COURT**

**COUNTY OF** *Bernalillo*                    Cause No. _____

**STATE OF NEW MEXICO**


I, *Juan Joel Garcia*, Petitioner and Pro Se being a Layman of the Law, the undersigned being first duly sworn declares under Penalty of Perjury that I am the Inmate and Petitioner in the above *Application For A Writ OF Habeas Corpus*, that I have read the above *Application For A Writ OF Habeas Corpus*, that the information and contents contained therein is known to be true and correct to the best of my ability.

**N.M.S.A. 1978 § 30-25-1 Penalty of Perjury**

**28 U.S.C. § Sect. 1746**

**18 U.S.C. § Sect. 1621**

Executed at *GEO/Guadalupe County Correctional Facility* on the 23rd day of *September*, 2008

*Juan Joel Garcia*

Name: *Juan Joel Garcia*
                    Petitioner – Pro Se


## CERTIFICATE OF SERVICE

I, *Juan Joel Garcia*, Petitioner - Pro Se, under Penalty of Perjury, affirm that a copy of the *Application For A Writ OF Habeas Corpus*, was served upon the Respondent and in the County of *Bernalillo* in which the *Habeas Corpus* is filed in, mailed by the United States Postal Service (marked 'Legal Mail') to *Mr. Matthew J. Dykman, Clerk of the Court, U.S. District Court, District of New Mexico; 333 Lomas Blud N.W. Suite 270, Albuquerque, New Mexico 87102-9843* on the 23rd date of *September*, 2008
*(And)*
*Mr. Gary K. King*
*Attorney General of New Mexico*
*New Mexico Attorney's General Office*
*111 Lomas Blvd. N.W. Suite 300*
*Albuquerque, New Mexico 87102*

*Juan Joel Garcia*
*Juan Joel Garcia*, Petitioner – Pro Se

*Exhibit A*

ENDORSED
FILED IN MY OFFICE THIS

AUG 0 7 2003

*Quanita M. Duran*
CLERK DISTRICT COURT

ELIZABETH Y. HERNANDEZ

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

*pu 8/8/03*

**STATE OF NEW MEXICO,**
                    Plaintiff,

Vs. *Juan Garcia*
                    Defendant

Defendant Address:
(include city, state and zip)

*302 La Vega SW*
*Albuquerque, NM 87105*

**CR** *02 - 0026*
(DA File # *02-0499-01* )
**CR** _____
(DA File #_____ )
**CR** _____
(DA File #_____ )

AKA:

DOB: *5-5-61; 8-16-64* SS#: *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; 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*

- ☐ JUDGMENT, SENTENCE, AND COMMITMENT
- ☒ JUDGMENT, SENTENCE, AND ORDER PARTIALLY SUSPENDING SENTENCE
- ☐ JUDGMENT, SENTENCE, AND ORDER SUSPENDING SENTENCE
- ☐ CONDITIONAL DISCHARGE
- ☐ ORDER DEFERRING SENTENCE

THIS MATTER having come before the Honorable *Ross C. Sanchez*, Judge District
Court on *May 9, 2003* for sentencing, the State appearing and
being represented by *Linda Rogers for Jim Yontz* and the Defendant appearing in person
and represented by counsel of record, *Naomi Salazar* and the
Defendant having been convicted on *February 26, 2003*
of the following crimes pursuant to

☐ Guilty Plea(s), ☐ Guilty Plea Pursuant to North Carolina v. Alford, ☐ No Contest
Plea(s), ☒ Verdict(s), is hereby sentenced to the custody of the:

☐ Bernalillo County Detention Center     ☒ New Mexico Corrections Department
for the following terms of imprisonment:

Revised January 18, 2002

Case Number:

| Case Number CRO2-426 | Statute Number | Class PM/M/F4/ F3/F2/F1 | State Tracking Number | Date Of Offense | Serious Violent Offense Y/N* | Charging Document (Circle One) | | |
|---|---|---|---|---|---|---|---|---|
| **Count Number** 1 | 30-9-11 (D) 31-18-16 | F 3 | | 3-12-01 | N | (Indictment) Information | | |
| **Offense Name** Attempt to commit a felony: criminal sexual penetration & commission of a felony (firearm enhancement) | ☐ Conditional Discharge –STOP ☐ Deferred Sentence – STOP ☑ Sentence – Enter Sentence Data Below | | | Concurrent to Counts | Consec- utive to Counts | Enhancement Code (Circle) (F) O  H  HO | Parole (Circle) (Y) N | |
| | Years | Months | Days | | | Years | Years | |
| | 3 | | | | All | 1 | 2 | |
| **Case Number** CRO2-426 | Statute Number 30-9-11 (D) 31-18-16 | Class PM/M/F4/ F3/F2/F1 | State Tracking Number | Date Of Offense | Serious Violent Offense Y/N* | Charging Document (Circle One) | | |
| **Count** 2 | | F 3 | | 3-12-01 | N | (Indictment) Information | | |
| **Offense Name** Attempt to commit a felony: criminal sexual penetration commission of a felony (firearm enhancement) | ☐ Conditional Discharge –STOP ☐ Deferred Sentence – STOP ☑ Sentence – Enter Sentence Data Below | | | Concurrent to Counts | Consec- utive to Counts | Enhancement Code (Circle) (F) O  H  HO | Parole (Circle) (Y) N | |
| | Years | Months | Days | | | Years | Years | |
| | 3 | | | | All | 1 | 2 | |
| **Case Number** CRO2-426 | Statute Number | Class PM/M/F4/ F3/F2/F1 | State Tracking Number | Date Of Offense | Serious Violent Offense Y/N | Charging Document (Circle One) | | |
| **Count** 3 | 30-4-1 | F 2 ~~F 3~~ | | 3-12-01 | Y | (Indictment) Information | | O |
| **Offense Name** Kidnapping (victim freed in safe place and no great bodily harm) | ☐ Conditional Discharge –STOP ☐ Deferred Sentence – STOP ☐ Sentence – Enter Sentence Data Below | | | Concurrent to Counts | Consec- utive to Counts | Enhancement Code (Circle) F  O  H  HO | Parole (Circle) (Y) N | |
| | Years | Months | Days | | | Years | Years | |
| | 9 | | | | All | | 2 | |

**Enhancements:** F = Firearm,  O= Old Age,  H = Handicap,  HO = Habitual Offender

**\* Applies to crimes committed after July 1, 1999.  See below for any special enumerations required for this status.**

Revised January 18, 2002

Case Number:

| Case Number CRO2-426 | Statute Number | Class PM/M/F4/ F3/F2/F1 | State Tracking Number | Date Of Offense | Serious Violent Offense Y/N | Charging Document (Circle One) | |
|---|---|---|---|---|---|---|---|
| Count 4 | 30-4-1 | F 2 | | 3-12-01 | Y | (Indictment) Information | |
| Offense Name Kidnapping (victim freed in safe place and no great bodily harm inflicted) | ☐ Conditional Discharge –STOP ☐ Deferred Sentence – STOP ☐ Sentence – Enter Sentence Data Below | | | Concurrent to Counts | Consec- utive to Counts | Enhancement Code (Circle) F  O  H  HO | Parole (Circle) (Y)  N |
| | Years 9 | Months | Days | | All | Years | Years 2 |

| Case Number CRO2-426 | Statute Number | Class PM/M/F4/ F3/F2/F1 | State Tracking Number | Date Of Offense | Serious Violent Offense Y/N | Charging Document (Circle One) | |
|---|---|---|---|---|---|---|---|
| Count 5 | 30-16-4(A) 31-18-16 | F 2 | | 3-12-01 | | (Indictment) Information | |
| Offense Name Aggravated Burglary (with a deadly weapon) (firearm enhancement | ☐ Conditional Discharge – STOP ☐ Deferred Sentence – STOP ☐ Sentence – Enter Sentence Data Below | | | Concurrent to Counts | Consec- utive to Counts | Enhancement Code (Circle) (F)  O  H  HO | Parole (Circle) (Y)  N |
| | Years 9 | Months | Days | | All | Years 1 | Years 2 |

| Case Number CRO2-426 | Statute Number | Class PM/M/F4/ F3/F2/F1 | State Tracking Number | Date Of Offense | Serious Violent Offense Y/N | Charging Document (Circle One) | |
|---|---|---|---|---|---|---|---|
| Count 6 | 30-16-2 31-18-16 | F 2 | | 3-12-01 | Y | (Indictment) Information | |
| Offense Name Armed Robbery (firearm enhancement | ☐ Conditional Discharge – STOP ☐ Deferred Sentence – STOP ☐ Sentence – Enter Sentence Data Below | | | Concurrent to Counts | Consec- utive to Counts | Enhancement Code (Circle) (F)  O  H  HO | Parole (Circle) (Y)  N |
| | Years 9 | Months | Days | | All | Years 1 | Years 2 |

Enhancements:  F = Firearm,  O= Old Age,  H = Handicap,  HO = Habitual Offender
* Applies to crimes committed after July 1, 1999.  See below for any special enumerations required for this status.

Revised January 18, 2002

Case Number:

| Case Number CR 02-426 | Statute Number | Class PM/M/F4/F3/F2/F1 | State Tracking Number | Date Of Offense | Serious Violent Offense Y/N | Charging Document (Circle One) |
|---|---|---|---|---|---|---|
| Count 7 | 30-6-1(c) | F3 | | 3-12-a | Y | (Indictment) / Information |

| Offense Name Child abuse (Intentionally caused) (No death or great bodily harm) | ☐ Conditional Discharge – STOP ☐ Deferred Sentence – STOP ☐ Sentence – Enter Sentence Data Below | | | Concurrent to Counts | Consecutive to Counts | Enhancement Code (Circle) | Parole (Circle) |
|---|---|---|---|---|---|---|---|
| | Years | Months | Days | | | F ~~O~~ H HO | (Y) N |
| | 3 | | | | All | Years | Years 2 |

| Case Number B02-426 | Statute Number | Class PM/M/F4/F3/F2/F1 | State Tracking Number | Date Of Offense | Serious Violent Offense Y/(N) | Charging Document (Circle One) |
|---|---|---|---|---|---|---|
| Count 8 | 30-28-2 30-16-4 | F3 | | 3-12-01 | N | (Indictment) / Information |

| Offense Name Conspiracy to commit aggravated burglary | ☐ Conditional Discharge – STOP ☐ Deferred Sentence – STOP ☐ Sentence – Enter Sentence Data Below | | | Concurrent to Counts | Consecutive to Counts | Enhancement Code (Circle) | Parole (Circle) |
|---|---|---|---|---|---|---|---|
| | Years | Months | Days | | | F O H HO | (Y) N |
| | 3 | | | | All | Years | Years 2 |

| Case Number CR 02-426 | Statute Number | Class PM/M/F4/F3/F2/F1 | State Tracking Number | Date Of Offense | Serious Violent Offense Y/N | Charging Document (Circle One) |
|---|---|---|---|---|---|---|
| Count 9 | 30-28-2 30-4-1 | F3 | | 3-12-01 | N | (Indictment) / Information |

| Offense Name Conspiracy to commit Kidnapping (Victim freed in safe place and no great bodily harm) | ☐ Conditional Discharge – STOP ☐ Deferred Sentence – STOP ☐ Sentence – Enter Sentence Data Below | | | Concurrent to Counts | Consecutive to Counts | Enhancement Code (Circle) | Parole (Circle) |
|---|---|---|---|---|---|---|---|
| | Years | Months | Days | | | F O H HO | (Y) N |
| | 3 | | | | All | Years | Years 2 |

**Enhancements:  F = Firearm,  O= Old Age,  H = Handicap, HO = Habitual Offender**

**\* Applies to crimes committed after July 1, 1999.  See below for any special enumerations required for this status.**

Revised January 18, 2002

Case Number:

| Case Number CR O2-426 | Statute Number | Class PM/M/F4/ F3/F2/F1 | State Tracking Number | Date Of Offense | Serious Violent Offense Y/N* | Charging Document (Circle One) | |
|---|---|---|---|---|---|---|---|
| Count Number 10 | 30-28-2 30-16-2 | F 3 | | 3-12-01 | N | ~~Indictment~~ (circled) Information | |
| Offense Name Conspiracy to commit armed Robbery | ☐ Conditional Discharge –STOP ☐ Deferred Sentence – STOP ☐ Sentence – Enter Sentence Data Below | | | Concurrent to Counts | Consecutive to Counts | Enhancement Code (Circle) F O H HO | Parole (Circle) (Y) N |
| | Years | Months | Days | | | Years | Years |
| | 3 | | | | All | | 2 |

| Case Number CR O2-426 | Statute Number | Class PM/M/F4/ F3/F2/F1 | State Tracking Number | Date Of Offense | Serious Violent Offense Y/N* | Charging Document (Circle One) | |
|---|---|---|---|---|---|---|---|
| Count 11 | 30-3-4 | PM | | 3-12-01 | N | Indictment (circled) Information | |
| Offense Name Battery | ☐ Conditional Discharge –STOP ☐ Deferred Sentence – STOP ☐ Sentence – Enter Sentence Data Below | | | Concurrent to Counts | Consecutive to Counts | Enhancement Code (Circle) F O H HO | Parole (Circle) Y (N) |
| | Years | Months | Days | | | Years | Years |
| | | 6 | | | All | | |

| Case Number CR O2-426 | Statute Number | Class PM/M/F4/ F3/F2/F1 | State Tracking Number | Date Of Offense | Serious Violent Offense Y/N | Charging Document (Circle One) | |
|---|---|---|---|---|---|---|---|
| Count 12 | 30-3-4 | PM | | 3-12-01 | N | Indictment (circled) Information | |
| Offense Name Battery | ☐ Conditional Discharge –STOP ☐ Deferred Sentence – STOP ☐ Sentence – Enter Sentence Data Below | | | Concurrent to Counts | Consecutive to Counts | Enhancement Code (Circle) F O H HO | Parole (Circle) Y (N) |
| | Years | Months | Days | | | Years | Years |
| | | 6 | | | All | | |

Enhancements: F = Firearm, O= Old Age, H = Handicap, HO = Habitual Offender
* Applies to crimes committed after July 1, 1999. See below for any special enumerations required for this status.

Revised January 18, 2002

Case Number:

| Case Number CR 02-426. | Statute Number | Class PM/M/F4/ F3/F2/F1 | State Tracking Number | Date Of Offense | Serious Violent Offense Y/N | Charging Document (Circle One) | |
|---|---|---|---|---|---|---|---|
| Count 13 | 30-3-4 | PM | | 3-12-01 | N | (Indictment) / Information | |
| Offense Name Battery | □ Conditional Discharge –STOP □ Deferred Sentence – STOP □ Sentence – Enter Sentence Data Below | | | Concurrent to Counts | Consec- utive to Counts | Enhancement Code (Circle) F  O  H  HO | Parole (Circle) Y  (N) |
| | Years | Months | Days | | | | |
| | | 6 | | | All | Years | Years |

| Case Number CR02-426 | Statute Number | Class PM/M/F4/ F3/F2/F1 | State Tracking Number | Date Of Offense | Serious Violent Offense Y/N | Charging Document (Circle One) | |
|---|---|---|---|---|---|---|---|
| Count 14 | 30-3-4 30-3-4 | PM | | 3-12-01 | N | (Indictment) / Information | |
| Offense Name Battery | □ Conditional Discharge – STOP □ Deferred Sentence – STOP □ Sentence – Enter Sentence Data Below | | | Concurrent to Counts | Consec- utive to Counts | Enhancement Code (Circle) F  O  H  HO | Parole (Circle) Y  (N) |
| | Years | Months | Days | | | | |
| | | 6 | | | All | Years | Years |

| Case Number CR02-426 | Statute Number | Class PM/M/F4/ F3/F2/F1 | State Tracking Number | Date Of Offense | Serious Violent Offense Y/N | Charging Document (Circle One) | |
|---|---|---|---|---|---|---|---|
| Count 15 | 30-3-4 | PM | | 3-12-01 | N | (Indictment) / Information | |
| Offense Name Battery | □ Conditional Discharge – STOP □ Deferred Sentence – STOP □ Sentence – Enter Sentence Data Below | | | Concurrent to Counts | Consec- utive to Counts | Enhancement Code (Circle) F  O  H  HO | Parole (Circle) Y  (N) |
| | Years | Months | Days | | | | |
| | | 6 | | | All | Years | Years |

Enhancements:  F = Firearm,  O= Old Age,  H = Handicap, HO = Habitual Offender
* Applies to crimes committed after July 1, 1999.  See below for any special enumerations required for this status.

Revised January 18, 2002

Case Number:

☐ **Deferred Sentence.** It is ordered that imposition of sentence be deferred for _____ years, _____ months _____ days on condition that the Defendant be placed on probation.

☐ **Conditional Discharge.** It is hereby ordered that, without adjudication of guilt, further proceedings be deferred for _____ years, _____ months pursuant to ☐ NMSA 1978 §31-20-13 (cum. Supp. 1996) or ☐ NMSA §30-31-28 (cum. Supp. 1996) (Controlled Substances Act), and the Defendant be placed on probation.

☐ **Probation.** Defendant is placed on ☐ Supervised ☐ Unsupervised probation for a term of: _____ years, _____ months, _____ days.

☒ **No Probation.**

## PROBATION CONDITIONS:

In addition to all standard conditions of probation

☐ **Defendant Shall Obtain and Maintain Full-time Employment** (30 hours/week or more), or full-time education (at least 14 semester or trimester hours at an accredited college, university, or technical-vocational institute; or full-time high school or GED studies, or DVR program), or a combination of employment and education.

☐ **Defendant Shall Enter, Attend, and Successfully Complete Counseling/Treatment Program(s)** as required by the plea and disposition agreement and/or as recommended by probation authorities. These may include but are not limited to

☐ Alcohol/Substance     ☐ Anger/Conflict
   Abuse Treatment          Management
☐ Domestic Violence    ☐ Victim Impact
   Counseling                Program.
☐ DWI Resource Center Program

☐ **Defendant Shall Register as a Sex Offender** pursuant to section NMSA 1978 §29-11A-1, *et seq.*, as amended.

☐ **Defendant Shall Pay Restitution**
☐ in the amount of $_____
**OR**
☐ to be determined by the probation authority in a payment plan chosen or approved by the probation authority.

☐ **Defendant Shall Perform _____ Hours of Community Service** in a program/facility approved by probation authority.

☐ **Crimestopper Donation of $ _____ .**

☐ **Defendant Shall Not Have or Use Any** ☐ **Alcoholic Beverages Nor** ☐ **Illegal Drugs** nor enter or remain in any tavern, bar, or Lounge.

☐ **Defendant Shall Not Have Contact or Association with Any Street Gangs** or their members.

☐ **Defendant Shall Not Have Contact with Victim(s) or Family(ies) of Victim(s).** The defendant shall not contact in person, by phone, or through anyone other than the defendant's probation officer or attorney any of the following persons or their families:_____
_____
_____

☐ **Defendant Shall Not Go to or Within** _____
_____Of above named persons or their families residences or work places.

☐ **Defendant Shall Not Go to or Remain in Any of the Following Areas** or neighborhoods except when physically accompanied by a police or probation officer:_____
_____
_____
_____

☐ **Defendant Shall Not Drive Without a Valid New Mexico Driver's License.**

Special Conditions of probation as follows: _____
_____
_____

Revised January 18, 2002

Case Number:

## PROBATION COSTS:

□ Probation Costs shall be waived.
□ Defendant shall pay $ _____ per month.  Probation costs shall be waived for any month that the defendant is paying for:  □ Treatment  □ Restitution □ Counseling □ Other

## FEES & FINES:

Defendant must pay the following:
□ DWI Lab Fee of $65.
□ Crime Drug Lab Fee of $75.
▣ DNA Fee of $100 and provide DNA sample by _____ .
□ Fine of $_____ .
□ _____


□ DISMISSAL OF REMAINING CHARGES: Pursuant to the Plea and Disposition Agreement, the counts _____ in CR-_____ are hereby dismissed.


Signature Line
Judge's Name: Ross C. Sanchez
District Judge -- Division_____


NOTED, and ALL OBJECTIONS PRESERVED:


Signature Line

Printed Name: Linda Rogers

Printed Address:
520 Lomas, NW
Albuquerque, NM 87102

Printed Phone:  841-7100
Counsel for The State of New Mexico

telephonically approved 7-28-0;
Signature Line

Printed Name: Naomi Salazar

Printed Address:

Printed Phone:
Counsel for Defendant


Revised January 18, 2002

*Exhibit B*

## THE SUPREME COURT OF THE STATE OF NEW MEXICO
### July 10, 2008

NO. 31,077

JUAN JOEL GARCIA,

    Petitioner,

v.

STATE OF NEW MEXICO,

    Respondent.

Bernalillo
District Court
CR-02-426

### ORDER

This matter coming on for consideration by the Court upon Petition for Writ of Certiorari filed pursuant to Rule 12-501 of the Rules of Appellate Procedure, and the Court having considered said petition, and being sufficiently advised, Chief Justice Edward L. Chávez, Justice Patricio M. Serna, Justice Petra Jimenez Maes, Justice Richard C. Bosson, and Justice Charles W. Daniels concurring;

NOW, THEREFORE, IT IS ORDERED that the Petition for Writ of Certiorari is denied.

IT IS SO ORDERED.

WITNESS, The Hon. Edward L. Chávez, Chief Justice of the Supreme Court of the State of New Mexico, and the seal of said Court this 10th day of July, 2008.

( S E A L )

*Madlen ___*

Madeline Garcia, Chief Deputy Clerk

ATTEST: A TRUE COPY
*Madeline Garcia*
Clerk of the Supreme Court
of the State of New Mexico

