IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUAN JOEL GARCIA,

    Petitioner,

v.                                                    CIV 08-0881 BB/KBM

TIM HATCH, Warden, et al.

    Respondents.

# PROPOSED FINDINGS
# AND
# RECOMMENDED DISPOSITION

    THIS MATTER is before the Court on Juan Joel Garcia's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See Doc. 1.*  Because he filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to this case.  *E.g., Abdul-Kabir v. Quarterman,* 550 U.S. 233, ___, 127 S. Ct. 1654, 1664 (2007); *DeLozier v. Sirmons,* 531 F.3d 1306, 1319 (10th Cir. 2008), *petition for cert filed (2/23/09).*  Respondents assert that the petition is untimely as well as without merit, and should be dismissed with prejudice.  Alternatively, they request that the petition be dismissed for failure to exhaust state remedies for one of the claims.  *See Doc. 11* at 9.  I recommend that

the petition be dismissed as time-barred.

Petitioner is serving a fifty-eight year sentence for multiple offenses connected with a home break-in, robbery, and sexual assault of an occupant. *See Doc. 11-2* at 1-10. The New Mexico Court of Appeals affirmed his conviction, *Doc. 11-3* at 3-6, and on May 24, 2004, the New Mexico Supreme Court denied certiorari, *see id.* at 19.[1]

The AEDPA statute of limitations begins to run from the later of four different events, only one of which is applicable here – the date Petitioner's conviction became "final." *E.g.,* 28 U.S.C. § 2244(d)(1)(A). "Finality" includes the ninety-day period in which Petitioner could have sought, but did not, review by the Supreme Court of the United States from the New Mexico Supreme Court's denial of certiorari on May 24, 2004. *E.g., Locke v. Saffle,* 237 F.3d 1269, 1273 (10th Cir. 2001). Petitioner's conviction thus became "final," and the one-year period began to run, on August 23, 2004.[2]

---

[1] One portion of Respondents' Answer cites to May 25th as the denial date, an evident typographical error. Even if I used that date, it does not affect the calculations. *Compare Doc. 11* at 4 (citing May 24, 2004 as date of order), *with id.* at 8 (citing May 25, 2004 as date of order), *and id.* (citing August 23, 2004 as finality date), *and with infra* note 2 and accompanying text (calculations).

[2] Because the ninety-day period ran on Sunday, August 22, 2004, the due date is moved to the following Monday, August 23, 2004, which was not a federal holiday. *See* SUP. CT. R. 30.1.

The one-year period is calculated using the "anniversary method" so, absent tolling, the federal petition would need to be filed on or before Tuesday, August 23, 2005, to be timely.[3]  There was no further action by Petitioner until July 28, 2005, the date he filed a *pro se* state petition for habeas corpus.  *See Doc. 11-3* at 21.[4]  Thus, on the date the he instituted the state post-conviction proceedings, the federal statute had twenty-six days remaining on the one-year period.

The *pro se* filing was later amended by appointed counsel and, after briefing, the district judge issued detailed findings of fact and conclusions of law denying state habeas relief on April 19, 2007.  *See id.* at 21-58; *Doc. 11-4* at 1-19.  Petitioner filed a *pro se* petition for writ of certiorari with the New Mexico Supreme Court that Respondents consider timely.  *See Doc. 11* at 8; *Doc. 11-4* at 20.  I disagree

---

[3] *E.g., United States v. Hurst,* 322 F.3d 1256, 1861-62 (10th Cir. 2003) ("anniversary date" for filing federal petition is same date, only one year later, as the date time for filing petitioning Supreme Court for certiorari expires, regardless of leap year – May 18, 1999 and May 18, 2000); *Gunderson v. Abbott,* 172 Fed. App'x 806 (10th Cir. 2006) (January 27, 1997 and January 27, 1998); *Malone v. Oklahoma,* 100 Fed. App'x 795, 796 (10th Cir. 2004) (June 28, 1999 and June 28, 2000); *United States v. Smith,* 65 Fed. App'x 201, 202 (10th Cir.) (June 4, 1999 and June 4, 2000), *cert. denied,* 540 U.S. 934 (2003); *but see Robinson v. Golder,* 443 F.3d 718, 719-20 (10th Cir.) (citing *Hurst* anniversary/leap year rule but stating:  "[b]ecause Mr. Robinson's conviction became final on [Monday] October 4, 1999, Mr. Robinson had one year from that date, until [Thursday] October 5, 2000, to file a federal habeas petition."), *cert. denied,* 549 U.S. 867 (2006); *Pratt v. Mullin,* 175 Fed. App'x 247, 249 (10th Cir. 2006) (adding additional time to initially-calculated deadline because of leap year).

[4] The "prison mailbox rule" does not apply to filings in the New Mexico state courts.  *See Garcia v. Shanks,* 351 F.3d 468, 471-72 (10th Cir. 2003); *Adams v. LeMaster,* 223 F.3d 1177, 1181-83 (10th Cir. 2000), *cert. denied,* 531 U.S. 1195 (2001).

that this request for review was timely filed.

The petition was stamped "filed" by the New Mexico Court of Appeals on May 30, 2008, and the date it was stamped filed by the New Mexico Supreme Court was June 19, 2008.  *Doc. 11-4* at 20 (emphasis added).[5]  Under New Mexico rules, Petitioner had to file a "petition for certiorari . . . with the Supreme Court" within "thirty (30) days after the district court's decision."  N.M. Rule 5-802(H)(2); *see also* N.M. Rule 12-501(B) (same).  Thirty days from April 19, 2007 was Saturday, May 19, 2007, so the petition had to be filed with the New Mexico Supreme Court by Monday, May 21, 2007.  *See* N.M. Rule 12-308(A).

Not only was the document filed in the wrong court, it was filed more than a year too late.[6]  Failing to abide by state filing rules for time and place renders the state filing "not properly filed" for federal tolling purposes, regardless whether the state court dismisses on procedural grounds.[7]  Thus, the federal statute of

---

[5] Respondents' date for the petition also appears to be a typographical error.  *Compare Doc. 11* at 8 ("Petitioner timely filed a petition for writ of certiorari in the New Mexico Supreme Court on May 25, 2008.  Exhibit Q."), *with Doc. 11-4* at 20 (Exhibit Q bears "filed" stamp from New Mexico Court of Appeals of "May 30, 2008" and filed stamp from New Mexico Supreme Court of "July 19, 2008").  Again, the "prison mailbox rule" does not apply.

[6] If I have missed something in this regard, and there is a valid reason why the year-long wait to file a petition for certiorari is timely, I expect Respondents to note the same in objections.

[7] *E.g., Sherratt v. Friel,* 275 Fed. App'x 763, 767, n.5 (10th Cir.) ("He did untimely appeal . . . and certiorari was ultimately denied by the Utah Supreme Court on April 5, 2005.  The pendency of an untimely appeal, however, is not considered 'time during which a properly filed

limitations had already expired by the time those state proceedings were instituted.[8]

Moreover, even if I count the entire in state post-conviction proceedings as properly tolled, the federal petition is still untimely. The New Mexico Supreme Court denied relief on July 10, 2008. *Doc. 11-4* at 36. That would have given Petitioner until July 25, 2008 to apply for rehearing after a denial of relief in post-conviction proceedings. *See Serrano v. Williams,* 383 F.3d 1181, 1185 (10th Cir. 2004) (in New Mexico, petitioners have fifteen days from denial to file motion for rehearing in post-conviction proceedings). Thus, in order to timely file his federal habeas petition, Garcia would have had to file it within 26 days of July 25, 2008, or Wednesday, August 20, 2008. He did not. He was three days late, signing the certificate of service for deposit in "legal mail" on September 23, 2008. *Doc. 1* at 26; *see also, e.g., Houston v. Lack,* 487 U.S. 266, 270 (1988) (federal prison mailbox rule); *Marsh v. Soares,* 223 F.3d 1217, 1218 n. 1 (10th Cir. 2000) ("Liberal application of the mailbox rule, see *Houston* . . . , causes us to treat the [2254]

---

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending'") (quoting 28 U.S.C. § 2244(d)(2) and citing *Pace v. DiGuglielmo,* 544 U.S. 408, 413 (2005)), *cert. denied,* 129 S. Ct. 503 (2008).

[8] *E.g., Laurson v. Leyba,* 507 F.3d 1230, 1232 (10th Cir. 2007) ("Although the one-year period is tolled while state postconviction review is pending, *see* 28 U.S.C. § 2244(d)(2), the one-year period had long expired before Mr. Laurson filed for state postconviction relief in December 2001."); *Barrientos v. Hightower,* 34 Fed. App'x 611, 612 (10th Cir. 2002) ("A second application for state post-conviction relief, filed on July 3, 2000 did not toll the limitations period because it was filed after the AEDPA's one-year limitation period expired.").

petition as placed in the hands of prison authorities on the same day it was signed."), *cert. denied,* 531 U.S. 1194 (2001).

Wherefore,

IT IS HEREBY RECOMMENDED that the § 2254 petition be dismissed with prejudice as untimely;

IT IS FURTHER ORDERED that Petitioner will be given extra time to file his objections pursuant to 28 U.S.C. § 636(b)(1). He shall have thirty (30) days from receipt of these proposed findings to do so and to set forth his grounds for equitable tolling, if any. He must file objections if he wants to have appellate review of the proposed findings. If no objections are filed, no appellate review will be allowed; and

IT IS FINALLY ORDERED that Respondents will have the same amount of time in which to file any objections.

_____
UNITED STATES MAGISTRATE JUDGE