FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
APR 8 - 2009
MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUAN JOEL GARCIA,

    PETITIONER

vs.                                                    No. CIV 08-0881 BB/KBM

TIM HATCH, WARDEN, ET AL.

    RESPONDENT

## PETITIONER'S OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

COMES NOW THE PETITIONER, JUAN JOEL GARCIA, PRO SE, AND RESPECTFULLY SUBMITS THE FOLLOWING OBJECTIONS TO MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION IN THE ABOVE-ENTITLED CASE:

1. THE MAGISTRATE JUDGE IS CORRECT THAT PETITIONER IS SERVING A FIFTY-EIGHT YEAR SENTENCE FOR MULTIPLE OFFENSES. HOWEVER, PETITIONER OBJECTS TO FINDING THAT ONE OF THESE OFFENSES WAS SEXUAL ASSAULT. WITH ALL DUE RESPECT AND FOR THE RECORD, THE OFFENSE WAS ATTEMPT TO COMMIT SEXUAL PENETRATION.

2. PETITIONER OBJECTS TO THE MAGISTRATE JUDGE'S FINDING THAT ONLY ONE OF THE FOUR DIFFERENT EVENTS WHICH TRIGGERS THE AEDPA STATUTE OF

limitations. The Magistrate Judge found that 28 U.S.C. §2244(d)(1)(A) is the only applicable section. However, Petitioner submits that subsection (d)(1)(B) also applies to the facts and circumstances in this case. (The date on which the impediment to filing an application is removed). The State impeded Petitioner from filing timely applications by denying Petitioner access to the Courts by not providing access to a law library and/or legal assistant, not filing Petitioner's State Petition for Habeas Corpus until nineteen days after it was mailed, and not notifying, or providing a copy of the denial, Petitioner that his State Habeas had been denied. These impediments will be discussed separately below.

3. The New Mexico Department of Corrections closed the doors of all law libraries in its institutions, including the private prisons, on or about October 16, 2000. (See: New Legal Access Program Memorandum attached hereto and incorporated by reference). The Department replaced the law libraries with a program called Legal Access Program. Under this program, the Department provides form packets for a limited amount of legal actions, staff assistance in preparing the forms, access to a select legal texts and reference books (see Legal Texts and Resource Material attached hereto and incorporated by reference), and prohibits assistance from other inmates and/or inmate legal aides. Any inmate who is found to be assisting another inmate in legal matter can receive a disciplinary report and disciplinary action for providing said assistance.

The new Legal Access Program prevented Petitioner from doing any type of adequate research in preparing all state and federal applications for relief. Further, Petitioner was not able to receive but a minimum of assistance from other inmates with legal knowledge due to the disciplinary threat. Such program is like creating a medical program for cancer patients providing no medical facilities, instruments, or medical assistance. Both must be considered a set up for failure. At least one Circuit has held that inadequate prison law library may be state-imposed impediment for §2244 purposes. See: Egerton v. Cockrell, 334 F.3d 433, 436-39 (5th Cir. 2003).

The fact that Petitioner filed State and Federal actions does not exhibit that the denial to an adequate law library and/or legal assistance was not an impediment.

A reasonable review of the pleadings and the manner said pleadings were presented and prosecuted exhibits just the opposite. Petitioner's one year statute of limitations should not begin until the State removes its impediment and the Federal Petition should be held timely.

4. The Magistrate Judge correctly noted that Petitioner's Pro Se State Petition for Habeas Corpus was filed by the State District Court Clerk on July 28, 2005. However, the Cover Letter and Certificate of Service contained in the said Petition shows it was placed in the mail on July 7, 2005, some twenty-one days before it was filed. There can be no reasonable reason that it would take such a large amount of time for the mail to arrive to Albuquerque from Santa Rosa. Either the prison officials held the Petition for a large amount of time or the Clerk delayed filing the said Petition. Either case, it was beyond Petitioner's control that it took twenty-one days to file. The State must be held responsible for such impediment.

Petitioner is aware that authority states that the "Prison Mailbox Rule" does not apply to filings in the New Mexico State Courts. E.g. Garcia v. Shanks, 351 F.3d 468, 471-72 (10th Cir. 2003). However, Petitioner states this type of impediment by the State is surely covered by 28 U.S.C. §2244 (d)(1)(B). Fundamental fairness requires that the unreasonable twenty-one day delay in mailing or filing be held against the State. This suspends the one year statute limitations and would provide an additional twenty one days to the twenty-six days remaining in this one year period the Magistrate Judge found. Therefore, the Federal Petition for Habeas Corpus was not three day late as Petitioner had a remaining eighteen days left.

5. Petitioner objects to the Magistrate Judge's finding that his Pro Se Petition for Writ of Certiorari with the New Mexico Supreme Court was untimely and the tolling period does not apply. The State District Court Clerk did not provide Petitioner with a copy of the State Judge's Findings of Fact

-3-

and conclusions of law denying the state habeas petition or otherwise notify petitioner of said denial. This impeded petitioner from filing the petition for certiorari until he did so in this case.

The State District Judge denied the Petition for Habeas Corpus on April 19, 2007. However, Petitioner did not receive notice of said denial. Petitioner wrote the State Court Clerk inquiring about the status of the Habeas Petition during the month of April 2008. The Clerk forwarded petitioner a Case Activity Sheet, it was at this time that petitioner noticed it was listed that the case was closed. Petitioner immediately wrote the clerk and request a copy of the court's Denial Order. Petitioner received the State Court's Finding of Fact and Conclusions of Law during the first week of May 2008. The staff of the institution's Legal Access Program provided petitioner with the forms to fill out and file. These forms said in the Court of Appeals as Respondent's Exhibit Q attached to their Answer to the Federal Petition for writ of Habeas Corpus shows. Under these facts and circumstances, it was the State Court's Clerk failure to serve petitioner with a copy of the State Court's denial of the Habeas Petition until almost thirteen months after the fact that prevented petitioner from filing the State Certiorari Petition within thirty days. Further Petitioner did file. The said petition within thirty days of notice and receipt of said denial so it should be considered timely as the New Mexico Supreme Court found.

Further, in regards to the Petition being originally mailed to the New Mexico Court of Appeals instead of the New Mexico Supreme Court. Petitioner was only following the instructions and forms provided by the State Officials. Said actions should not be held against Petitioner. Petitioner further incorporates Paragraph 3 above to support this point by reference.

Wherefore, Petitioner respectfully moves this Court to sustain the Objections herein and to deny the Magistrate Judge's proposed findings and Recommended Disposition and hold the Federal Petition for Writ of Habeas Corpus was Timely Filed under 28 U.S.C. §2244 (d) (1)

- 4 -

(A) (B) and (C). Any and all further relief this Court deems just and proper.

Dated: 4-6-09

Respectfully submitted,

*Juan Joel Garcia*

Juan Joel Garcia #59364
Guadalupe Correctional Facility
P.O. Box 520   South Hwy. 54
Santa Rosa, New Mexico 88435-0520

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Objections to Proposed Findings and Recommended Disposition was mailed, postage prepaid, to: Margaret McLean, Assistant Attorney General - Post Office Drawer 1508 - Santa Fe, New Mexico 87504-1508 on this 7 day of April, 2009.

*Juan Joel Garcia*

Juan Joel Garcia, pro se

# NEW LEGAL ACCESS PROGRAM

Beginning on Monday, October 16, 2000, a new Legal Access Program will begin at \_\_\_\_LCCF\_\_\_\_. This Legal Access Program is based on the U.S. Supreme Court decision in Lewis v. Casey.

As a part of this new program there will no longer be law libraries as in the past. Instead, the Education Resource Center [formally known as the library] will provide form packets with instructions. Segregation inmates will have packets delivered to them upon receipt of a written request. The packets are for the following areas:

    Direct appeal of the conviction for which you are incarcerated

    Habeas Corpus petitions, both state and federal

    §1983 Civil Rights actions

    Conditions of confinement suits

    State Tort claims concerning conditions of your confinement

If you need help in filling out one of these packets, a request form for a meeting with designated staff is available from the Education Resource Center. When the request form is received, a meeting will be set up with the designated staff person to assist you. The purpose of the designated staff is to provide help in preparing the necessary forms at the beginning of your case. You will be responsible for mailing the material to the court and all subsequent proceedings.

A list of select legal texts and reference books to help in the completion of the packets will be available in the Education Resource Center. For Segregation inmates, the legal reference books would be available for over night usage.

Typewriters will no longer be provided and there will not be any access to word processors or computers. In addition to this, there will no longer be any assistance available from other inmates, that is Inmate Legal Aides. A tape recorder to allow you to listen to trial transcript tapes will be available.

The designated staff member must approve all photocopying. All copies will be $.10 and charged from the first page on for each side of a page copied. Case law and copies of statutes will no longer be provided. Exhibits that are pertinent to the case being filed will be copied provided they are submitted at the same time as the forms for copying. The photocopy form is available from the Education Resource Center. If you are indigent, you will not be denied legal access copying. You will still need to fill out the photocopy request form and your account will be held for copying done.

You will still have the right to seek In Forma Pauperis status from the court and to request an attorney be assigned to assist you. The In Forma Pauperis forms will be available with the above-mentioned packets. You may also retain an attorney if you chose.

You will receive copies of all request forms and copy forms. You will receive the first form packet for an action and one additional set of forms, less instructions, free of charge. Any other form packets or form sets for an action will be charged at $.10 per copied side.

Envelopes sufficient to allow you to mail all copies made will be provided when you receive your copied materials back. A list of federal and state courts will be available to assist you in the Education Resource Center.

At \_\_\_LCCF\_\_\_, the designated staff member is Librarian \_\_\_\_Linda Breaux_____.

## LEGAL TEXTS AND RESOURCE MATERIAL

1. Copy of Lewis v. Casey
2. 1996 Prison Litigation Reform Act (given at 15 August meeting)
3. 1996 Antiterrorism and Effective Death Penalty Act (given at 15 August meeting)
4. New Mexico Statutes Annotated [2001 supplements available]
5. New Mexico Rules Annotated [2001 edition – 3 volumes]
6. NMCD Policies
7. Facility Policies
8. Classification Manual [use new Classification Policy until full manual released]
9. Law of Sentencing, Corrections, and Prisoners' Rights (in a Nutshell) [on order]
10. USCA Constitution Article 1; Article 2 to 7 (2001 Supplements)
11. USCA Amendment 1 to 3; 4; 5; 6; 7 to 14; 14 (Due Process in General); 14 (Due Process in Specific); 14 to End – 2001 Supplements
12. 42 USCA §§ 1971 to 1982; 1983 to 1984; 1985 to 2000d [Civil Rights] (2001 Supplements)
13. 28 USCA § 2254 [Habeas Corpus] (2001 Supplement)
14. Federal Habeas Corpus Practice and Procedure (2 volumes with 2000 Supplement)
15. Federal District Court Rules - New Mexico District (part of NMRA volume 3)
16. Federal Rules of Criminal Procedure (2001 Edition) or 18 USCA Rules with 2001 Supplements
17. Federal Rules of Civil Procedure (2001 Edition) or 28 USCA Rules with 2001 Supplements)
18. Federal District Court Forms (Selected) (§1983 & 2254 Packets)
19. Freedom of Information Act.
20. Americans with Disabilities Act
21. Prisoners Self-Help Litigation Manual 3d (Manville)
22. Rights of Prisoners 2nd (2 Volumes) (on order)
23. Black's Law Dictionary – 7th
24. Spanish Law Dictionary
25. Post-Conviction Relief Forms (State Tort, Habeas Corpus, NM Appeal Packets)
26. Prosser and Keeton on Torts 5th or Dobbs on The Law of Torts (latest edition)
27. Civil Rights of Institutionalized Persons Act (CRIPA) settlement agreement (Female Units Only)

Case 1:08-cv-00881-BB-KBM   Document 14   Filed 04/08/09   Page 8 of 8

Juan J. Garcia #59364
Guadalupe County Correctional Facility
P.O. Box 520   N-2-B-10J
Santa Rosa, New Mexico   88435-0520

Office of the Clerk
United States District Court
District of New Mexico
333 Lomas Blvd., NW
Suite 270
Albuquerque, New Mexico
87102

RECEIVED
At Albuquerque NM
APR 0 8 2009
MATTHEW J. DYKMAN

