IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUAN JOEL GARCIA,

       Petitioner,

v.                                    CIV 08-0881 BB/KBM

TIMOTHY HATCH, Warden, et al.,

       Respondents.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

The Magistrate Judge filed proposed findings on March 12, 2009, recommending that Juan Garcia's § 2254 petition be dismissed as time-barred. *See Doc. 12.* The Magistrate Judge invited Respondents to indicate whether the calculations were in error, and they agree with her analysis. *See id.* at 12 & n.6; *see also Doc. 13.* Petitioner filed objections, which are timely under the extra twenty days the Magistrate Judge gave Petitioner to object. *See Doc. 12* at 6. I have carefully reviewed them *de novo* and find them without merit. *See Garcia v. City of Albuquerque*, 232 F.3d 760, 766-67 (10th Cir. 2000).

The one-year AEDPA statute of limitations in 28 U.S.C. § 2244 has four possible triggering events and the Magistrate Judge held that only one applied –

the date Petitioner's conviction became final under 28 U.S.C. § 2244(d)(1)(A).

*See Doc. 12* at 2.  In his objections, Petitioner argues that because of State-created

impediments, the statute of limitations began to run later under the section that

provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus [and] shall run from the latest of –
>
> \* \* \* \* \*
>
> (B) the date on which the impediment to filing an application created by State action, in violation of the Constitution or laws of the United States, is removed, if the applicant was prevented from filing by such State action.

28 U.S.C. § 2244(d)(1)(B); *see also Doc. 14* at 2.  He asserts three events qualify

him for a later triggering date under this section.

The first event is the October 2000 decision by the New Mexico

Department of Correction to "close . . . all law libraries" and replace them "with a

program called Legal Access Program." *Doc. 14* at 2.  Under the new program the

"Department provides Form Packets for a limited amount of legal actions, staff

assistance in preparing the forms, access to a select legal texts and reference books"

and "prohibits assistance from other inmates and/or inmate legal aides."

Petitioner cites *Egerton v. Cocerell,* 334 F.3d 483, 436-39 (5th Cir. 2003), for the proposition that an "inadequate prison law library may be state-imposed impediment for § 2244 purposes." *Id.* Petitioner asserts that he was prevented from "doing any type of adequate research in preparing all state and federal applications for relief" and the "fact that he filed state and federal actions does not exhibit that the denial to an adequate law library and/or legal assistance was not an impediment." *Id.* Rather, his delays in instituting proceedings should not be interpreted as a lack of diligence but as evidence of an adverse impact. Thus, Petitioner argues that New Mexico's continued use of the "Legal Access Program" means the federal statute of limitations has never begun to run. *See id.* at 2-3.

I disagree. The *Egerton* decision does not paint as broad a ruling as Petitioner suggests. As the Tenth Circuit pointed out in its *Hill* decision,

> in *Egerton v. Cockrell,* 334 F.3d 433 (5th Cir. 2003) . . . the court concluded that "[t]he State's failure to make available to a prisoner the AEDPA, which sets forth the basic procedural rules the prisoner must follow in order to avoid having his habeas petition summarily thrown out of court [constituted] an impediment". . . . Accordingly, the court held that the one-year limitations period did not begin to run until the petitioner was transferred to a facility where a copy of AEDPA was available.

*Hill v. Workman,* 141 Fed. App'x 754, 756 (10th Cir. 2005). There is no such assertion here. Also, although *Hill* is an unpublished decision, the Tenth Circuit found it persuasive in rejecting the same sort of argument Petitioner makes here.[1] The Tenth Circuit more recently rejected the same sort of argument in yet another unpublished opinion.[2] I find those decisions persuasive and reject the argument.

---

[1]     Mr. Williams also argues that his habeas petition is timely under 28 U.S.C. § 2244(d)(1)(B), because the law library at the Limon Correctional Facility ("LCF"), where he was incarcerated, was inadequate and was therefore a state-created impediment preventing Mr. Williams from filing his petition in a timely manner. . . . Mr. Williams alleges that the LCF law library did not include a copy of AEDPA, which prevented him from learning of the one-year time limitation. However, even assuming this to be true, Mr. Williams does not identify a causal link between the library's failure to stock a copy of AEDPA and his inability to file a habeas petition within the appropriate time period. He does not allege that he sought to obtain a copy of AEDPA from the library. Indeed, the district court found that at the time Mr. Williams filed his § 2254 petition in 2004, he had no knowledge of AEDPA. Thus, even if the library collection had contained the statute (assuming it did not), it would not have availed Mr. Williams. *See Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000) (reasoning that petitioner could not rely on § 2244(d)(1)(B) because he filed his petition prior to obtaining a copy of AEDPA) [, *cert. denied,* 531 U.S. 1035 (2000)]; *see also Hill v. Workman,* 141 F. App'x 754, 756 (10th Cir. 2005).FN1 [and in footnote] We cite an unpublished decision not as authority, but because of its persuasive value.

*Williams v. Estep,* 259 Fed. App'x 69, 71-72 (10th Cir. 2007).

[2]     Ellis argues the statute of limitations did not begin to run until he was transferred to a correctional facility with a law library. As the district court did, we liberally construe this argument . . . as urging that there was a state-created impediment preventing him from filing under § 2244(d)(1)(B). Ellis cites *Easterwood v. Champion,*

Moreover, both unpublished Tenth Circuit decisions are based on well-settled precedent in United States Supreme Court and the Tenth Circuit.  That is, a theoretical possibility is not the Constitutional standard for access to the courts or the inquiry under the AEDPA statute of limitations.  To establish a deprivation of the right of access to the court an actual injury is required and ignorance of the law or the AEDPA statute of limitations is not grounds for equitable tolling.  *See, e.g., Lewis v. Casey,* 518 U.S. 343, 351 (1996) ("Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."); *Gibson v. Klinger,*

---

213 F.3d 1321 (10th Cir. 2000), for the proposition that the AEDPA statute of limitations is tolled until the relevant case law is available to the prisoner.  *Easterwood* actually stands for a much narrower proposition:  when the factual predicate for a prisoner's claim appears in case law unavailable to him, the statute of limitations is tolled until such case law becomes available.  *Id.* at 1323.  That is not Ellis's situation; he asserts only that he was unfamiliar with the legal basis for his claims.  To justify tolling under AEDPA, "[i]t is not enough to say that the [correctional] facility lacked all relevant statutes and case law."  *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998).  Moreover, Ellis did not lack access to all legal materials at Cimarron Correctional Facility because, as he acknowledges, he had access to counsel.  Under our case law, reasonable jurists could not debate whether Ellis's lack of access to legal materials constituted a state-created impediment entitling him to tolling of the AEDPA statute of limitations.

*Ellis v. Jones,* 302 Fed. App'x 817, 819-20 (10th Cir. 2008).

232 F.3d 799, 808 (10th Cir. 2000) ("a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling.").

Application of those well-settled principles also defeat the argument. Here, the AEDPA statute of limitations had almost run by the time Petitioner instituted the state post-conviction proceedings where he was afforded assistance of counsel, even though none is constitutionally required. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (no constitutional right to counsel in state post-conviction proceedings). When the state district court denied him relief he waited more than another year to challenge that decision. *See Doc. 12* at 3-4. The Magistrate Judge even included time that need not have been counted and still found the federal petition was three weeks late. *See Doc. 12* at 5. The Magistrate Judge's use of the phrase "three days late" is an evident typographical error, which I reject and substitute the obvious correct description – "thirty-four days late" to describe the federal petition. *See Doc. 12* at 5 (describing period from August 20, 2008 to September 23, 2008).

Petitioner argues that it took the state court clerk three weeks to file his state post-conviction petition and this "impediment" should not be held against

him. *See Doc. 14* at 3 (arguing that he placed the state petition in the mail on July 7, 2005 and it was not filed until July 28, 2005, a period of twenty-one days). Even assuming the post-conviction proceedings were initiated two weeks earlier has no bearing on the Magistrate Judge's analysis, even including all of the state proceedings that occurred after the federal statute of limitations ran. Any "impediment" was removed upon filing, so the AEDPA statute still had almost run out when the post-conviction proceedings were initiated and the federal petition still would have been two days late. *See Doc. 12* at 5 (federal petition was due August 20, 2008, but signed September 23, 2008; adding twenty-one day period Petitioner asserts would make the due date September 10, 2008).

Petitioner also argues that he was unaware that the state district court had entered its April 19, 2007 decision until April 2008 when he "wrote the state court clerk inquiring about the status of the [state post-conviction] petition. *Doc. 14* at 4. This is not an "impediment" attributable to the State. Petitioner was represented by counsel at the time the decision was entered, and counsel was therefore served with the decision. *See Doc. 11-4* at 35 (judge's findings noting parties entitled to notice were state attorney and "Attorney for Defendant: Jack B. Jacks"). The State did not impose any impediment to Petitioner having discovered

7

the status of his case had he been diligent.  And, assuming counsel did not notify

his client of the decision, that conduct is not grounds for equitable tolling.  The

Tenth Circuit has unequivocally so held in an unpublished decision, which I find

persuasive:

> In this appeal, Pink claims his appellate public defender failed
> to file a timely appeal of the Kansas Court of Appeals's denial
> of his post-conviction petition . . .  Pink alleges that . . . the
> attorney informed him she would file an appeal but did not
> respond to his repeated attempts to discuss the appeal.  In a
> motion to file out of time with the Kansas Supreme Court,
> Pink's appellate attorney stated that "due to a calendaring
> error by clerical staff, appellant's counsel inadvertently failed
> to file the petition for review in a timely manner."
>
> This claim fails to meet our requirement for equitable tolling.
> First, the Supreme Court has clearly held "[t]here is no
> constitutional right to an attorney in state post-conviction
> proceedings." Coleman . . . .  Second, this circuit has clearly
> held that a petitioner's misunderstanding of the applicable
> time lines does not excuse a delay for purposes of equitable
> tolling.  *See Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998)
> (petitioner's lack of awareness of limitation period was
> insufficient basis for equitable tolling).
>
> Third, other circuits have held and we agree that attorney
> error is generally not a basis for equitable tolling.  *See, e.g.,*
> *Merritt v. Blaine,* 326 F.3d 157, 169 (3rd Cir. 2003) (applying
> general rule that "attorney error, miscalculation, inadequate
> research, or other mistakes have not been found to rise to the
> extraordinary circumstances required for equitable tolling")
> (internal citations omitted) [, *cert. denied,* 540 U.S. 921
> (2003)]; *Rouse v. Lee,* 339 F.3d 238, 248 (4th Cir. 2003) ("a

mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding") (internal citations omitted) [, *cert. denied,* 541 U.S. 905 (2004)]; *United States v. Martin,* 408 F.3d 1089, 1093 (8th Cir. 2005) ("Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance [with respect to equitable tolling]").

Finally, as a general matter, attorney error during § 2254 habeas proceedings is not itself grounds for equitable relief. *See* 28 U.S.C. § 2254(I) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

In sum, while we sympathize with Pink's plight, the case law of this circuit and others show that his attorney's neglect does not rise to the level of "extraordinary" circumstances.

*Pink v. McKune,* 146 Fed. App'x 264, 266-267 (10th Cir. 2005).[3]

_____

[3] *See also, e.g., Stanley v. McKune,* 133 Fed. App'x 479, 480 (10th Cir. 2005) ("Although Applicant is correct in his assertion that an attorney's failure to file a requested appeal constitutes ineffective assistance of appellate counsel . . . he is incorrect in assuming that counsel's ineffectiveness is always a "rare and exceptional circumstance" worthy of equitable tolling. Applicant has not alleged circumstances that prevented him from discovering his counsel's failure to file the direct appeal for the six years from the date of his conviction to the filing of his first postconviction pleading. It cannot be said that Applicant has diligently pursued his federal claims."); *c.f. Coppage v. McKune,* 534 F.3d 1279, 1281-82 (10th Cir. 2008) ("After the Kansas Supreme Court denied review on November 8, 2006, his § 2254 application was due in federal district court by January 18, 2007. He claims, however, that he was not informed of the court's decision until November 29, when he received a notification letter from his attorney. According to Mr. Coppage, he is entitled to equitable tolling because he diligently pursued his claim and filed an untimely application only because of circumstances beyond his control. *See United States v. Gabaldon,* 522 F.3d 1121, 1124 (10th Cir. 2008) ('Equitable tolling of the

Wherefore,

IT IS HEREBY ORDERED AS FOLLOWS:

1.     The Magistrate Judge's Proposed Findings and Recommended
       Disposition *(Doc. 12)* is ADOPTED with the above-noted
       correction;

2.     The § 2254 petition be dismissed with prejudice as untimely; and

3.     A final order enter concurrently herewith.


                              _____
                              UNITED STATES DISTRICT JUDGE

---

limitations period is available when an inmate diligently pursues his claims and demonstrates
that the failure to timely file was caused by extraordinary circumstances beyond his control.'
(internal quotation marks omitted)).   We agree with the district court that Mr. Coppage's
circumstances are not "rare and exceptional."  *York,* 314 F.3d at 527.  Compare the facts in
*Gabaldon*.  Prison officials placed Gabaldon in segregation and confiscated all his legal materials
(including a draft § 2255 motion and brief) 'just six weeks before the expiration of the
limitations period and held them until two weeks after that period expired.' 522 F.3d at 1124.
Mr. Coppage was not similarly precluded from filing a timely application.  Although the
misleading letter from the Kansas Supreme Court's clerk would have excused him from checking
the status of his case until early December, he nevertheless received notice in ample time.  After
receiving the letter from his lawyer, he still had 50 days before the limitations period expired.
Even with limited access to a prison law library, he could raise only issues previously submitted
in state court, so much of the research would already have been done.").