Case 1:08-cv-00881-BB-KBM Document 22 Filed 08/28/2009 Page 1 of 6

FILED
United States Court of Appeals
Tenth Circuit

August 28, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JUAN JOEL GARCIA,

    Petitioner-Appellant,

v.

TIMOTHY HATCH, Warden, Guadalupe County Correctional Facility,

    Respondent-Appellee.

No. 09-2131
(D.C. No. 08-CV-00881-BB-KBM)
(D. N.M.)

---

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

In 2003, a New Mexico state court jury convicted Juan Joel Garcia of multiple offenses connected with a home break-in and robbery, a result the New Mexico Court of Appeals and New Mexico Supreme Court affirmed. *See State v. Garcia*, No. 24,347, memo. op. (N.M. Ct. App. Apr. 5, 2004), *cert. denied*, No. 28,632, order (N.M. May 24, 2004). Mr. Garcia's judgment and conviction became final on August 23, 2004, when the time for seeking review in the United States Supreme Court expired.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Four years later, on September 23, 2008, Mr. Garcia filed in the United States District Court for the District of New Mexico, a *pro se* federal habeas petition under 28 U.S.C. § 2254.  The petition was referred for initial recommendation to a magistrate judge who recommended to the district court that it dismiss the petition as time-barred because it was filed more than one year after his judgment of conviction became final.  28 U.S.C. § 2244(d)(1)(A).  Mr. Garcia objected to this recommendation.  While admitting that his petition was filed after the expiration of the one-year limitations period, Mr. Garcia argued, among other things, that state-created impediments prevented him from filing a timely federal habeas petition and, accordingly, these impediments statutorily tolled the statute of limitations.  *See* 28 U.S.C. § 2244(d)(1)(B).  The district court rejected Mr. Garcia's objections, dismissed his petition, and denied Mr. Garcia's application for a certificate of appealability ("COA").

Mr. Garcia now renews before us his request for a COA.  We may issue a COA only if Mr. Garcia makes a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citation and quotation omitted).  Because Mr. Garcia is proceeding *pro se*, we must and do construe his application liberally.  *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).

Even doing so, however, he has failed to meet the statutory threshold for issuance of the requisite certificate.

Before us, Mr. Garcia renews his argument that the State of New Mexico prevented him from filing a timely federal habeas petition by failing to provide him with access to a law library and adequate legal assistance from other prisoners. In October 2000, the New Mexico Department of Corrections decided to close prison law libraries and replace them with a program called the Legal Access Program. R. Vol. I at 268. Under its program, the Department provides to prisoners form packets (with instructions) for certain legal actions, including direct appeals of convictions and habeas corpus petitions (state and federal). R. Vol. I at 268. Staff is available to assist in filling out the forms, and prisoners are given access to a number of legal texts and reference books, including a copy of *Lewis v. Casey*, 518 U.S. 343 (1996), a Spanish law dictionary, Black's Law Dictionary, AEDPA (28 U.S.C.A. § 2254), Federal Habeas Corpus Practice and Procedure (2 volumes with 2000 supplement), and Post-Conviction Relief Forms (including Habeas Corpus). R. Vol. I at 268-69.[1]

The Supreme Court in *Lewis* clarified that prisoners do not have "an abstract, freestanding right to a law library or legal assistance," 518 U.S. at 351,

---

[1] On appeal, Mr. Garcia asserts for the first time that the State failed to make a copy of AEDPA available to him. R. Vol. I at 273-74. But this contradicts his own submission to the district court in which he admitted access to certain legal texts and reference books, including AEDPA. R. Vol. I at 269.

- 3 -

but rather a "right of *access to the courts*," *id.* at 350. In order to establish a constitutional violation of this right of access, an inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* at 351. Even construing Mr. Garcia's submissions liberally, he has "provided no specificity regarding the alleged lack of access." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."). Mr. Garcia does not explain how the Legal Access Program, which provides form packets, staff assistance in filling out forms, and a number of legal texts and resource materials, hindered his ability to file a timely habeas petition. *Cf. Weibley v. Kaiser*, 50 Fed. App'x. 399, 403 (10th Cir. 2002) (holding that petitioner's "claim is insufficient because he does not allege specific facts that demonstrate how his alleged denial of [legal] materials impeded his ability to file a federal habeas petition" and therefore is not entitled to statutory tolling); *United States v. Martinez*, 303 Fed. App'x. 590, 596 (10th Cir. 2008) ("Mr. Martinez has not provided this Court with specific details regarding what restrictions actually were placed on his access to legal materials or how such restrictions hindered his ability to file his § 2255 motion" and therefore is not entitled to equitable tolling). Indeed, Mr. Garcia seems to allege only that the Legal Access Program prevented him from doing "any type of *adequate* research" in preparing his state and federal

petitions. R. Vol. I at 264 (emphasis added). 28 U.S.C. § 2244(d)(1)(B), however, applies only when a state-created "impediment" "prevented" an inmate from filing his application. While the quality of Mr. Garcia's petition might have been improved with greater legal assistance, there is no basis in the record before us to believe that Mr. Garcia was incapable of filing a timely habeas petition given the resources available through the Legal Access Program.[2]

Because reasonable jurists could not debate that Mr. Garcia's petition is time-barred, Mr. Garcia's request for a COA is denied, and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

---

[2] On appeal, Mr. Garcia seeks to argue for the first time that he was impeded in filing a timely petition by his difficulties with the English language. We do not normally consider arguments raised for the first time on appeal. Even if we were to consider the argument, however, Mr. Garcia does not explain how, even assuming without deciding this impediment is chargeable to the State under § 2244(d)(1)(B), the materials (including a Spanish law dictionary) and staff assistance provided to him were insufficient to enable him to file a timely petition.

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**
**OFFICE OF THE CLERK**

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker　　　　　　　August 28, 2009　　　　　　　Douglas E. Cressler
Clerk of Court　　　　　　　　　　　　　　　　　　　　　　　　　　Chief Deputy Clerk

Mr. Juan Joel Garcia
Guadalupe County Correctional Facility
P.O. Box 520
Santa Rosa, NM 88435

**RE:**　　09-2131, Garcia v. Hatch
　　　　　Dist/Ag docket: 1:08-CV-00881-BB-KBM

Dear Mr. Garcia:

Enclosed is a copy of a final order dismissing the appeal(s) entered today in the captioned case.

Please contact this office if you have questions.

　　　　　　　　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　　　　　　　　*Elisabeth A. Shumaker*

　　　　　　　　　　　　　　　　　　　　　　　Elisabeth A. Shumaker
　　　　　　　　　　　　　　　　　　　　　　　Clerk of the Court

cc:　　Margaret Elizabeth McLean

EAS/jm